**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **JULIE APEL, ADMINISTRATOR OF THE ESTATE OF JOHN WHITLEY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| **JAMES CAMPBELL and PAULETTA E. OWENS, individually and as partners, and MANDY CAMPBELL,** | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT TO VOID TRANSFERS AND FOR DAMAGES

COMES NOW, Julie Apel, Administrator of the Estate of John Whitley (hereinafter, "the Estate") Plaintiff in the above-styled action, and through counsel, files this First Complaint against James Campbell, Mandy Campbell, and Pauletta E. Owens ("Defendants"), and show this Court the following:

## PRELIMINARY STATEMENT

1.

The Estate of John Whitley, judgment creditor of Defendants James Campbell and Mandy Campbell is an Arizona Estate, in which state Mr. Whitley was a resident and died. Julie Apel, Administrator of the Estate of John Whitley (hereinafter

"Plaintiff") asserts the following claims against Defendants in her capacity as administrator and on behalf of the Estate of John Whitley.

2.

Defendant James Campbell is a resident of Paulding County, Georgia, and may be served at 2731 Willow Springs Road, Dallas, GA 30132. Defendant Campbell is subject to the jurisdiction and venue of this court.

3.

Defendant Mandy Campbell is a resident of Paulding County, Georgia, and may be served at 2731 Willow Springs Road, Dallas, GA 30132. Defendant Campbell is subject to the jurisdiction and venue of this court.

4.

Defendant Pauletta E. Owens resides and may be served at 348 Mercedes Ave., Panama City, Florida 32401. Defendant Owens is subject to the jurisdiction and venue of this court.

5.

Venue lies in the Northern District of Georgia as Plaintiff's claims arose from acts of Defendants perpetrated therein.

6.

This Court has jurisdiction over the controversy due to diversity jurisdiction because there is a diversity of citizenship, the amount in controversy exceeds $75,000, and the underlying event that gives rise to this action occurred within the jurisdiction of this Court.

## FACTS RELEVANT TO ALL COUNTS

7.

On June 28th, 2017, John Whitley obtained a judgment against Defendants James and Mandy Campbell in Spalding County Georgia State Court for the Principal Amount of $87,986.07 and Court Costs of $207.50. See Writs of Fieri Facias attached hereto as **Exhibits "A"** and **"B."**

8.

Defendants James Campbell and Pauletta Owens have an ongoing general partnership with which they share joint and several liability.

9.

At all relevant times, the knowledge of James Campbell has been imputed to his general partnership with Owens.

10.

At all relevant times, the knowledge of the general partnership of James Campbell and Owens has been imputed to Owens.

11.

On information and belief, the only property of substantial value obtained by the Campbells since that date has been the property located at 2731 Willow Springs Road, Dallas, GA 30132, identified in the Quitclaim Deed which is attached hereto as **Exhibit "C."**

12.

In 2020, the Tax Assessed Appraised value for 2731 Willow Springs Road was $156,720. A copy of the 2020 Tax Assessment is attached hereto as Exhibit D. Defendant Owens' Appraiser values the subject property on the date of transfer at $80,000.00, assuming that the property was primarily developed after the transfer. See Affidavit of Devon B. Lee attached as **Exhibit "D."**

13.

Therefore, the judgment can be satisfied, at least in part, by the real property conveyed in the Quitclaim Deed.

14.

However, in 2019, the Campbells transferred their title in 2731 Willow Springs Road to Owens and to the General Partnership of James Campbell and Owens for either nothing or less than the value of the property. See **Exhibit "E."**

15.

According to the Defendants, the real property was transferred to Owens as part of a general partnership between the mother and son whereby they both provide funding, Mr. Campbell provides labor, they improve real property while the Campbells reside thereon, and then the property is sold, with net profits split between the partners.

16.

Starting before the transfer of the real property to Owens and the general partnership, and continuing after the transfer of the real property, the Campbells transferred significant additional assets to Owens and the general partnership by building a house and a 26' x 30' metal building with a 12' x 30' lean-to on either side, two roll-up garage doors, and a one room apartment in the upper area of said building on the property, for which Owens paid nothing bringing the value of the property transferred to Owens to $156,500 in 2019.

17.

Mr. Campbell values the work and services he transferred to Owens and the general partnership to improve the property at $125,000. This transfer is also a voidable transfer.

18.

On May 16, 2022, the Spalding County State Court entered an additional Order awarding $100,000.00 in punitive damages, which amount was reduced to $33,333.33 with regard to James Campbell, only, and an additional $36,597.15 in attorney fees and costs. A copy of the Spalding County State Court Judgment is attached hereto as **Exhibit "F."**

19.

The Campbells additionally have fraudulently transferred to Owens and the general partnership the payment of all ad valorem taxes and insurance on the Property. The Campbells paid the following taxes on the property: 2019- $1,177.52; 2020-$817.70; 2021-$ 2,287.49; 2022-$4,202.08; 2023-$2,306.62; 2024- $2,248.78. Thus, in addition to the total paid for insurance, the Campbells have fraudulently transferred $13,040.19 to Owens.

## COUNT I - VIOLATION OF THE GEORGIA UNIFORM VOIDABLE TRANSACTIONS ACT

20.

Plaintiff re-alleges and incorporates paragraphs 1-19 above as if fully set forth herein.

21.

The May 10th, 2019 Deed, the construction upon the real property, and all other transfers described herein are transfers within the meaning of O.C.G.A. § 18-2-71(12) and is the proper subject matter of this action.

22.

The transfer of the property described above is voidable in that it was made with actual intent to hinder, delay or defraud the Plaintiff, whose claim was excepted from discharge in the Campbell's bankruptcy.

23.

The transfers were made without receiving reasonably equivalent value in exchange for the transfers.

24.

The transfers were made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

25.

The Quitclaim Deed and construction upon the property transferred substantially all of the Judgment Debtors' assets.

26.

Pursuant to O.C.G.A. § 18-2-77, Plaintiff is entitled to have the transfers of the property voided and to have a lien attached to the property superior to all others notwithstanding the change in ownership or for an award of damages in the amount of all transferred assets.

**COUNT II – CONSTRUCTIVE TRUST**

27.

Plaintiff re-alleges and incorporates paragraphs 1-19 above as if fully set forth herein.

28.

A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity. O.C.G.A. § 53-12-132(a).

29.

Assets have wrongfully, by fraud or otherwise, come into the possession of Defendants that they are not legally entitled to.

30.

Certain assets still remain in the possession of Defendants which they are not legally entitled to retain, by the fraud of Defendants, or otherwise, and allowing the assets to remain in the possession of Defendants is contrary to equity.

31.

The Court should declare a constructive trust for the benefit of the Estate.

## COUNT III – ATTORNEY'S FEES

32.

Plaintiff re-alleges and incorporate paragraphs 1-32 above as if fully set forth herein.

33.

Defendants' actions as set forth above have been in bad faith, stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

34.

Plaintiff is entitled to an award of costs and attorney's fees pursuant to O.C.G.A. § 13-6-11.

## COUNT IV – PUNITIVE DAMAGES

35.

Plaintiff re-alleges and incorporates paragraphs 1-32 above as if fully set forth herein.

36.

Plaintiff will show that the conduct of Defendants, as referenced above, constitute that degree of recklessness, willful misconduct, malice, fraud, wantonness, oppression and an entire want of care, which would raise the presumption of conscious indifference to the consequences.

37.

Defendants are, therefore, liable to Plaintiff for punitive or aggravated damages for their willful misconduct and conscious indifference to the consequences of their actions as described herein in an amount which is adequate to punish, penalize, and detour the Defendants from engaging in similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

JURY TRIAL DEMANDED.

WHEREFORE, Plaintiff prays for the following relief:

a) That Defendants be served according to law;

b) That Plaintiff have judgment against Defendants voiding the May 10, 2019 Quitclaim Deed;

c) That Plaintiff have judgment against Owens and James Campbell jointly and severally for the amount of transfers;

c) That Plaintiff have judgment against Defendants for expenses of litigation, including but not limited to attorney's fees and costs;

d) That Plaintiff have an award of punitive damages in an amount sufficient to deter Defendants from future wrongful acts; and

e) For such other and further relief as this Court may deem equitable and just.

This the 13th day of March, 2025.

Respectfully submitted,

**SMITH, WELCH, WEBB & WHITE, LLC**
***/s/ Orion G. Webb***
Georgia Bar No. 479611
2200 Keys Ferry Court
McDonough, Georgia 30253
Telephone: (770) 389-4864
owebb@smithwelchlaw.com

Christopher T. Webb
Georgia Bar No. 652943
101 World Dr., Suite 100
Peachtree City, GA 30269
Telephone: (470) 400- 7999
cwebb@smithwelchlaw.com