**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| JULIE APEL, ADMINISTRATOR OF THE ESTATE OF JOHN WHITLEY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CAMPBELL, et al.<br><br>Defendants. | CIVIL ACTION NO. 4:25-cv-00059-WMR |

# ORDER

There are two matters before the Court. The first is Plaintiff Julie Apel's request for punitive damages following the Court's grant of her motion for a default judgment against Defendant James Campbell for his violation of the Georgia Uniform Voidable Transactions Act. The second is Apel's motion for leave to file evidence regarding her request for OCGA § 13-6-11 attorneys' fees. (Doc. 42).

By way of background, Apel is the administrator for the estate of John Whitley. Whitley obtained a state judgment against Defendants James and Mandy Campbell for $88,193.57 in 2017. On May 10, 2019, James Campbell transferred a piece of real property located at 2731 Willow Springs Road, Dallas, Georgia 30132 to his mother, Defendant Pauletta Owens, for either nothing or less than the value of the property. On the date of the transfer, the property was assessed as having a fair

market value of $80,000.00, which would have partially satisfied the state judgment against the Campbells.

After years of litigation, Apel filed a federal lawsuit against the Campbells and Owens in this Court, asserting claims for voidable transfer, constructive trust, attorneys' fees, and punitive damages under Georgia law. When James Campbell failed to respond or otherwise defend against the suit, Apel moved for the Clerk to enter default against him and it did so. Apel then moved for this Court to enter a default judgment against James Campbell, which the Court granted as to the voidable transfer claim. The Court reserved ruling on the question of punitive damages and OCGA § 13-6-11 attorneys' fees pending an evidentiary hearing.[1]

Having now conducted a hearing, the Court addresses both issues below.

*Punitive Damages.* The Georgia Uniform Voidable Transactions Act does not preclude an award for punitive damages. *See Interfinancial Midtown, Inc. v. Choate Constr. Co.*, 343 Ga. App. 793, 805 (2017). Punitive damages are authorized in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1(b). "In any case in which punitive damages are

[1] Apel eventually settled her claims against Mandy Campbell. Her claims against Pauletta Owens remain pending.

claimed, the trier of fact shall first resolve from the evidence … whether an award of punitive damages shall be made." OCGA § 51-12-5.1(d)(1). When punitive damages are to be awarded, the trier of fact is to assess "evidence ... regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." OCGA § 51-12-5.1(d)(2).

The Court finds that punitive damages should be imposed against James Campbell in this case. The allegations in Apel's verified complaint, which are deemed admitted by the default, show that James Campbell made a fraudulent transfer of real property to Owens that would have at least partially satisfied the state judgment he and Mandy Campbell owed to Whitley. In particular, the allegations demonstrate that Owens, as James Campbell's mother, was an insider; that James Campbell retained possession and control of the property after the transfer; that there was a lawsuit pending against him prior to the transfer; that he transferred the property to Owens for little to no consideration; and that he was financially insolvent around the time of the transfer. These acts clearly manifested the "actual intent to hinder, delay, or defraud" Whitley from collecting the state judgment. OCGA § 18-2-74(a)(1). And, the fraud James Campbell engaged in certainly "raise[s] the presumption of conscious indifference to consequences." OCGA § 51-12-5.1(b).

Accordingly, Apel's request for punitive damages is **GRANTED**. Pursuant to OCGA § 51-12-5.1(g), the Court **ORDERS** James Campbel to pay Apel three times the fair market value of the real property at the time he made the fraudulent transfer to Owens, a total of **$240,000.00** in punitive damages.

*Attorneys' Fees*. Apel has moved for leave to file her Lodestar declaration in support of her request for OCGA § 13-6-11 attorneys' fees. (Doc. 42). For the reasons explained below, the Court **DENIES** the motion for leave to file the Lodestar declaration in its current form.

Georgia law allows the recovery of attorneys' fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" OCGA § 13-6-11. As the Court of Appeals of Georgia has explained,

> [I]f a plaintiff in its original complaint puts the defendant on notice that it is seeking attorney fees and expenses under OCGA § 13-6-11 as part of the relief prayed for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense.

*Water's Edge Plantation Homeowner's Ass'n, Inc. v. Reliford*, 315 Ga. App. 618, 620 (2012).

Here, Apel's complaint included a specific claim for OCGA § 13-6-11 attorney fees. However, the Court finds that OCGA § 13-6-11 attorney fees are

recoverable only for legal work related to Apel's claims against James Campbell because he is "the defendant having caused [the] unnecessary trouble and expense" that resulted in the Court entering a default judgment. *Id*. In other words, the Court will not award OCGA § 13-6-11 attorney fees for work performed with respect to Apel's claims against the non-defaulting defendants.

Accordingly, Apel's revised Lodestar declaration should reflect: (A) any fees Apel incurred as a result of pursuing her claims against James Campbell in this federal lawsuit up and until February 17, 2026; and (B) any fees Apel incurred during discovery in any state litigation that took place from May 10, 2019 up and until February 17, 2026. The revised Lodestar declaration should not include any fees generated from any filings in state court or any fees Apel has incurred as a result of pursuing her claims against Many Campbell or Pauletta Owens in this federal lawsuit.

Apel is **DIRECTED** to file her amended Lodestar declaration within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED**, this 11th day of March, 2026.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE